UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18 CR 799 RWS |
| ) | |
| v. ) | |
| ) | |
| DONTE DESHOD MANN, ) | |
| ) | |
| Defendant. ) | |

## **DETENTION ORDER**

On October 16 and 26, 2018, defendant DONTE DESHOD MANN came before the Court for a detention hearing on the motion of the United States that defendant be detained in the custody of the United States Marshals Service until trial under the Bail Reform Act of 1986, 18 U.S.C. § 3142.

Defendant Mann is charged by indictment with one count of committing the armed robbery of a commercial business on January 16, 2018, in violation of 18 U.S.C. § 1951(a) (Count 1); and with one count of brandishing a firearm in furtherance of Count 1, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). Conviction on Count 1 carries potential statutory maximum punishment that includes imprisonment for not more than 20 years; Count 2 not less than 7 years consecutively.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, the government's case is aided by a rebuttable presumption. The Bail Reform Act provides:

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed-- . . . an offense under section 924(c) . . . .

18 U.S.C. § 3142(e)(3)(B). Such is this case, because the federal grand jury found probable cause to believe that defendant committed such an offense in Count 2 of the indictment.

In response to the presumption, the burden is upon the defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). If the defendant produces such evidence, the statutory presumption does not entirely disappear. Rather, the Court must consider Congress's finding that persons charged with violations of 18 U.S.C. § 924(c) pose special risks of flight and a danger to the community. Throughout all, the government retains the burden of proof described above. *Id.* And the defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j).

In deciding the issue of detention or release, the rules of evidence are not strictly applied and the Court may consider unsworn proffers of information. *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 751 (1987) (the parties may "present information by proffer or otherwise"); *United States v. Agriprocessors, Inc.*, 2009 WL 290473 at *5 (N.D. Iowa 2009). The factors to be considered by the Court include the nature and circumstances of the offense alleged, the weight of the evidence against the defendant, his history and personal background, whether or not at the time of the offense

he was subject to release supervision, and whether the release of the defendant would pose a serious danger to any person or the community.  18 U.S.C. § 3142(g).

At the hearings on October 16 and 26, 2018, no party had a substantial dispute with any of the facts set forth in the written bail report of the Pretrial Services Officer, filed on October 12, 2018 (Doc. 9), except that the statements that defendant was unemployed up to April 10, 2018, is incorrect, because after defendant was released from state custody in March 2018 for related states offenses on a substantial secured bond defendant became employed.  The Court credits defense counsel's statement as to defendant's employment.  Defense counsel also stated that defendant denies he was ever arrested for any offense without conviction as described on page 4 of the bail report (defendant having stated that the instant case is the first time he ever wore handcuffs). The Court directed the Pretrial Services Office to review the arrest without conviction entries in the report and to determine whether or not in fact they belonged to defendant. In a supplemental report filed on October 23, 2018 (Doc. 20), the Pretrial Services Office confirmed that the original bail report was accurate about defendant's criminal record.  At the hearing held on October 26, the government confirmed this record with documentary police reports and mug shots, Gov. Exs. 2-6).  Defendant did not continue to dispute this record.  With this additional information, the Court hereby adopts and incorporates by reference into this Order the facts set forth in the original and supplemental bail reports other than the fact that defendant had limited employment.

Defendant Donte Deshod Mann is 21 years of age.  He was born in St. Louis and has lived here his whole life.  He resides in St. Louis with his mother and his younger brother and two sisters.  Since his release from state custody he has been employed and attending HVAC training.  While free on the state court bond defendant has been on home detention with GPS location monitoring.  He has no felony conviction history.

At the hearing, counsel for the government proffered that the state does not intend to dismiss the related local charges in deference to the federal prosecution.  Further, the

government expects defendant's pretrial release by the state court will be revoked. The government further stated that defendant is being investigated for 4 other similar robberies. In one incident defendant fled police at speeds up to 100 miles per hour and crashed the vehicle he was driving. When arrested, defendant was wearing the GPS bracelet required for location monitoring in the state case. At the detention hearing, the government provided the Court with defendant's GPS location monitoring report. (Gov. Ex. 1). The report indicates that between August 24 and September 26, 2018, defendant violated the location monitoring requirements imposed on him by the state court as conditions of his pretrial release by leaving his residence without permission 40 times for substantial periods. The federal prosecutor expects to seek a superseding indictment charging the additional armed robberies.

At the detention hearing, defense counsel proffered that defendant has been attending a 60-week HVAC program of which he has completed 20 weeks; for this program defendant has received much financial aid and a student loan, which will be lost if defendant is detained.

Defendant's criminal record includes convictions in August 2015 (at age 18) for misdemeanor possession of marijuana and drug paraphernalia, for which he received 6 months probation. The term of probation was completed in February 2016. On January 16, 2018, in the incident alleged in the instant federal indictment, he was arrested by state authorities for felony robbery, armed criminal action, and resisting and interfering with an arrest. This is the related pending state court case. The state court trial is set for February 11, 2019. In that case defendant was ultimately released on March 15, 2018, on a $90,000.00 professional bond related to which he committed the location monitoring violations.

The Pretrial Services Office bail report describes strong substantial evidence of defendant's guilt. Defendant was identified as the sole robber of patrons of the commercial business. The robber used a stolen pistol, pointing it at the business's

patrons, while wearing a black hooded sweatshirt, dark jeans, and a black cloth across his face, before he fled from the police in a vehicle at very high speeds, crashed the vehicle, and fled on foot.

Upon the record before it, whether or not defendant has rebutted the presumption for detention, the Court finds and concludes by clear and convincing evidence that the release of defendant DONTE DESHOD MANN upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release in this case will not reasonably assure the safety of the community and will not reasonably assure the defendant's continued appearance in Court as required.  18 U.S.C. § 3142(b), (c).  The federal grand jury has found reason to believe defendant committed very serious criminal activity and the United States Attorney has indicated defendant is under investigation for involvement in four other such incidents.  When released on a substantial appearance bond with location monitoring conditions (similar to location monitoring conditions available to this court), over a relatively short period of time defendant repeatedly violated the location monitoring requirements.  When faced with information in the Pretrial Services Office bail report regarding prior arrests, albeit without conviction, defendant falsely advised that he had not been so arrested.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant DONTE DESHOD MANN be detained **is sustained.**  Defendant is committed to the custody of the United States Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

      /s/ David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 29, 2018.